UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| Arsen Hutsul, individually and on behalf of all others similarly situated;<br><br>      Plaintiff,<br><br><br><br> -v.-<br><br>Premiere Credit of North America, LLC;<br>Velocity Investments LLC.<br><br>      Defendant. | Civil Action No: 2:21-cv-13584<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Arsen Hutsul (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through his attorneys, Horowitz Law, PLLC, against Defendants Premiere Credit of North America, LLC ("Premiere"); and Velocity Investments LLC ("Velocity"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

  1.  Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of New Jersey consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.  Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.  Plaintiff is a resident of the State of New Jersey, County of Middlesex.

8. Defendant Premiere Credit of North America, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 2002 Wellesley Blvd., Indianapolis, IN 46219 and may be served process upon the Corporation Trust Company 820 Bear Tavern Road, West Trenton, NJ 08628.

9. Upon information and belief, Defendant Premiere is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Velocity Investments LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1800 Route 24 North, Bldg. #3, Suite 305, Wall, NJ 07719.

11. Upon information and belief, Defendant Velocity is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   1) all individuals with addresses in the State of New Jersey;

   2) to whom Defendant Premiere sent an initial collection letter;

   3) on behalf of Defendant Velocity;

   4) attempting to collect a consumer debt;

   5) in two subclasses:

      1. that included unauthorized "other charges," and did not explain the basis for the "other charges"; and

    2. states that the amounts may decrease due to application of payments and adjustments;

  6) which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

1) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

2) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

3) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

4) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

5) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to July 13, 2020, an obligation was allegedly incurred by Plaintiff to The Bank of Missouri (the "debt").

23. The alleged obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

24. The alleged The Bank of Missouri obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. The Bank of Missouri is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. The alleged The Bank of Missouri debt was sold to Defendant Velocity.

27.     Velocity collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

28.     Upon information and belief, Defendant Velocity contracted with Defendant Premiere to collect the alleged debt.

29.     Defendant Premiere collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violation – July 13, 2020 Collection Letter*

30.     On or about July 13, 2020, Defendant Premiere sent Plaintiff an initial collection notice (the "Letter") regarding the alleged debt originally owed to The Bank of Missouri. (See **Exhibit A**).

31.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

32. This letter containing the required disclosures set forth in 15 U.S.C. §1692g(a) is more commonly known as the "G Notice".

33. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

34. The Letter itemizes the balance as follows:

| | |
|---|---|
| Total Principal Due* | $423.00 |
| Total Interest Due* | $67.73 |
| Other Charges* | $239.12 |
| **Total Amount Due*** | **$729.85** |

35. The asterisk references the following disclosure:

"*Amounts listed are current as of 7/13/2020. Amounts may decrease due to application of payments and/or adjustments. Please call (888) 403-1637 for a payoff amount."

36. The letter directs the Plaintiff to call the Defendant for a "payoff amount" despite the letter's own statement that the debt is $729.85.

37. Section 1692g requires an initial collection letter to state "the amount of the debt."

38. The debt collector has the burden of the full disclosure of the amount of debt in the "g-notice."

39. However, the Defendant's letter places the burden on the Plaintiff to call the Defendant for a payoff amount, leaving the Plaintiff unclear from the face of the letter as to the correct amount of her debt.

40. Furthermore, there is no reason to mention that the amounts may decrease due to application of payments, as it is obvious that if a consumer pays, the amount due will go down, and upon information and belief, there are no "adjustments "that would lower the amount, therefore this statement serves no purpose other than to harass the consumer to pay immediately due to fear of a fluctuating balance.

41. Stating that the account balance may decrease due to adjustments is materially misleading to Plaintiff and is a false statement that Defendant knowingly made.

42. In addition, the "Other Charges" of $239.12 are unauthorized and not explained in any way.

43. Plaintiff has no way of determining what the "other charges" are and whether they will increase or not.

44. The addition of the "other charges" by Defendants, were an attempt to collect an amount not owed by Plaintiff.

45. Defendants misled and deceived Plaintiff into the belief that he falsely owed additional fees that were not authorized by the agreement creating the debt nor permitted by law.

46. Plaintiff was concerned and confused by the Letter and was therefore unable to evaluate his options of how to handle this debt.

47. The Letter is therefore false, misleading, unfair, illegal, unconscionable, and deceptive.

48. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

49. Because of the Letter, Plaintiff expended time, money, and effort in determining the proper course of action.

50. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

51. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

52. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

53. As a result of the Defendants' deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

56. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57. Defendants violated §1692e:

   1) as the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2);

   2) by making a false and misleading representation in violation of §1692e(10).

58. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to actual damages, statutory damages, costs and attorney's fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

59. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

60. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violation various provision of the FDCPA, including but not limited to, 15 U.S.C. §1692f.

61. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

62. Defendant violated this section by unfairly and unconscionably collecting the alleged debt, as described above.

63. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq.* of the FDCPA, and Plaintiff is entitled to actual damages, statutory damages, costs and attorney's fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

64. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

65. Defendants' debt collection efforts Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

66. When a debt collector solicits payment form a consumer, it must within five days of an initial communication, provide the consumer with a written validation notice which must include the amount of the debt. § 1692g(a)(1).

67. The Defendant violated 15 U.S.C. §1692g by not providing the Plaintiff with the amount of debt unless the Plaintiff calls for a "payoff amount."

68. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

69. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Arsen Hutsul, individually and on behalf of all others similarly situated, demands judgment from Defendant Premiere as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Flushing, New York
July 12, 2021

/s/ Uri Horowitz
By:  Uri Horowitz, Esq.
**Horowitz Law, PLLC**
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8700
Fax: (718) 705-8705
*Attorneys For Plaintiff*